# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LAKEVIEW LOAN SERVICING, LLC )
)
        Plaintiff, )
) C.A. No. N23L-01-027 FWW
        v. )
)
COURTNEY D. ROARK, )
)
        Defendant. )

Submitted: April 5, 2023
Decided: April 6, 2023

*Upon Defendant Courtney D. Roark's Motion to Dismiss,*
**DENIED.**

## ORDER

Darlene Wyatt Blythe, Esquire, and Catherine Di Lorenzo, Esquire, STERN & EISENBERG, MID-ATLANTIC, PC, 500 Creek View Road, Suite 304, Newark, DE 19711, Attorneys for Plaintiff Lakeview Loan Servicing, LLC.

Courtney-Duane Roark, P.O. Box 7471, Newark, DE 19711, Defendant.

**WHARTON, J.**

This 6th day of April 2023, upon consideration of the Defendant Courtney D. Roark's ("Roark") Motion to Dismiss,[1] the Plaintiff Lakeview Loan Servicing, LLC's ("Lakeview") Response in Opposition to Defendant's Motion to Dismiss,[2] and the record in this case, it appears to the Court that:

1. Lakeview brought this mortgage foreclosure action on January 6, 2023.[3] Lakeview alleges that Roark executed and delivered a mortgage to Mortgage Electronic Registration Systems, Inc. as Nominee for Fairway Independent Mortgage Corporation ("Fairway") on the property known as 114 Newton Drive, Bear, Delaware in the principal sum of $186,558.00.[4] Lakeview further alleges that Roark contemporaneously executed a note delivered to Fairway.[5] The Complaint alleges that the note was subsequently endorsed to Lakeview or was endorsed in blank and Lakeview is the holder of the note with the right to foreclose.[6] The Complaint also alleges that the mortgage was assigned to Lakeview by Mortgage Electronic Systems, Inc. as Nominee for Fairway on October 14, 2022.[7] Finally, Lakeview alleges that Roark has failed to pay the monthly installments of the

---

[1] Def.'s Mot. to Dismiss, D.I. 6.
[2] Pl.'s Resp. to Def.'s Mot. to Dismiss, D.I. 9.
[3] Compl., D.I. 1.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*

mortgage when due as owed in the principal amount of $178,461.02, together with interest, late charges and advances, together with attorney's fees and costs.[8]

2. On March 27, 2023 Roark file a document captioned "Response to Complaint and Motion to Dismiss."[9] It reads in its entirety:

> Comes now, Courtney-Duane: Roark, a living man, beneficiary and name holder of COURTNEY DUANE ROARK (COURTNEY D. ROARK), making a special Appearance. There is an existing lien claim already filed against COURTNEY D. ROARK; U.C.C. Filing No.: 20226582001. Therefore, the defending party moves the Court to dismiss this case.
>
> Although there is already an existing lien on COURTNEY D. ROARK, the defending party will state this; there are procedures made by the defendant to discharge any debt, along with instructions. If the plaintiff has not yet followed instructions of redeeming debt fulfillment, again, the defending party moves the Court to dismiss this case.
>
> If the instructions have been followed and unsatisfied; the defending party requests proof of executing the instructions and the return of the negotiable instruments. The defending party is willing to resolve this matter.
>
> Respectfully,
>
> 
>
> Done in Good Faith
> All Rights Reserved
>
> By:/s/ Courtney – Duane Roark
> c/o P.O. Box 7471
> Newark, Delaware[10]
>
> 

---

[8] *Id.*
[9] Def.'s Mot. to Dismiss, D.I. 6.
[10] *Id.*

3. Lakeview's Response in Opposition notes that the records of the New Castle County Recorder of Deeds do not show any UCC liens on the subject property, but contends that even if such a lien existed, it would have no bearing on this foreclosure action.[11] Further, Lakeview points out, correctly, that Roark has not asserted any basis to dismiss this action cognizable under Superior Court Civil Rule 12, but Lakeview does address it as a motion under Rule 12(b)(6) and finds it wanting.[12]

4. Because, Roark does not identify a rationale for dismissal under Rule 12, the Court, like Lakeview, defaults to Rule 12(b)(6). A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[13] The Court's review is limited to the well-pled allegations in the complaint.[14] In ruling on a Rule 12(b)(6) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[15] Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[16]

---

[11] Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss, D.I. 9.
[12] *Id,*
[13] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[14] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[15] *Id.*
[16] *Id.*

4

5. It is obvious that the motion must be **DENIED.** The Complaint alleges a garden variety mortgage foreclosure action. It alleges that Lakeview now is the holder of the note and is the assignee of the mortgage.[17] Attached to the Complaint are copies of the mortgage on 114 Newton Drive, Bear, Delaware and accompanying note, both signed by Roark, and the assignment of the mortgage to Lakeview.[18] The Complaint alleges that Roark failed to make payments according to the terms of the mortgage and owes Lakeview the principal balance of $178,461.02 together with interest late charges, advances, attorney's fees and costs and costs.[19] When drawing all reasonable inferences in favor of Lakeview, there is no reason to believe that Lakeview will be unable to prove a set of facts that will entitle it to relief.

**THEREFORE**, the Defendant Courtney D. Roark's Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[17] Compl., D.I. 1
[18] *Id.*, Ex. F (mortgage), Ex. G (note), Ex. H (assignment).
[19] *Id.*